DAVID H. KRAMER, State Bar No. 168452, dkramer@wsgr.com
MICHAEL H. RUBIN, State Bar No. 214636, mrubin@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Attorneys for Non-Party Respondents*
*Artis Capital Management, L.P., Sequoia*
*Capital Operations LLC and*
*TriplePoint Capital LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIACOM INTERNATIONAL INC., ET AL.<br><br>    Plaintiffs,<br><br>    v.<br><br>YOUTUBE, INC., ET AL.<br><br>    Defendants. | CASE NO.: 3:08-MC-80129-SI<br><br>[Case No. 07-cv-02103 (LLS) in the U.S. D.C., S.D.N.Y]<br><br>**DECLARATION OF ROBERT RIEMER IN SUPPORT OF RESPONDENTS' OPPOSITION TO PLAINTIFFS' JOINT MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENAS TO ARTIS CAPITAL MANAGEMENT L.P., SEQUOIA CAPITAL OPERATIONS LLC, AND TRIPLEPOINT CAPITAL LLC** |
| THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, ET AL.<br><br>    Plaintiffs,<br><br>    v.<br><br>YOUTUBE, INC., ET AL.<br><br>    Defendants. | [Case No. 07-cv-03532 (LLS) in the U.S. D.C., S.D.N.Y]<br><br>Date:        August 15, 2008<br>Time:       9:00 a.m.<br>Courtroom: 10<br>Judge:      Honorable Susan Illston |

I, Robert Riemer, hereby declare that:

1. I am the Chief Financial Officer for non-party Artis Capital Management, L.P. ("Artis"). I became employed with Artis on April 15, 2008. I submit this declaration in support of Respondents' Opposition to Plaintiffs' Joint Motion to Compel Production of Documents Pursuant to Subpoenas to Artis Capital Management L.P., Sequoia Capital Operations LLC, and TriplePoint Capital LLC. I have personal knowledge about the facts described below and if called upon to testify, could competently testify to them.

2. Prior to my employment with Artis, Viacom International, Inc. et al. and The Football Association Premier League, et al. served two identical non-party subpoenas on Artis in connection with two cases they filed against YouTube in the United States District Court for the Southern District of New York ("Subpoenas").

3. I was not personally involved in the initial search for and collection of documents responsive to the Subpoenas. However, I have personally spoken with my predecessor, who was involved, and have reviewed and acquainted myself with our files regarding this matter.

4. In connection with its collection of materials in response to the Subpoenas, I understand that Artis searched through its physical files to locate responsive documents, a process which took approximately one business day.

5. With regard to email, Artis' email archive falls into two different categories. The first category consists of emails dated before June 21, 2006. Any such emails would reside on backup tapes. The data retained on these tapes is maintained for the purposes of data recovery and were not necessarily retained in a fashion that would allow for streamlined keyword searches. Thus, performing a search of these emails would be both expensive and disruptive.

6. Recreating emails on backup tapes would first entail locating and creating an inventory of our old tapes. I have been advised by our IT consultants that we would then be required to build a standalone server for the purpose of rebuilding any email history available on the tapes that are located. There can be no assurance that this effort would result in locating the entire universe of emails to be searched. Our IT consultants have estimated that the process up to this point would take eight to ten full person-days, working ten hour days. Based on our

experience with our IT consultants, such an endeavor would also be difficult for them to schedule in the near term.

7. If such a server were built, and email could be reconstituted from backup tapes, email files would be uploaded. Then, Artis, in coordination with its IT consultants and legal counsel, would have to search emails by keyword. Because Artis has never conducted a keyword search of emails restored from backup tapes, we cannot determine whether such a search would be successful, or how difficult it would be. Based on searches that Artis has conducted using more powerful software and programs provided by a vendor for other matters, such a search would likely entail at least nine to ten person-days at ten hours per day. These time demands on qualified Artis staff would be substantial and such an endeavor would be extremely disruptive to Artis' business.

8. Due to the development of archiving technology and our own methodologies, these backup tapes would also contain all Artis file backup data. This fact would add greatly to the complexity of the rebuild and search process.

9. The second category of emails consists of those dated after June 21, 2006. Those emails have been archived by an outside vendor called Safecore. The process for searching for and retrieving responsive emails dated after June 21, 2006 would be as follows.

10. First, Artis would have to design and implement a search of the email inboxes of the three Artis employees who were involved, or may have been involved, in Artis' investment in YouTube's Series B round of funding. In order to effectively search, we estimate that at least ten keyword and keyword combinations would have to be utilized. In our experience, such a search of three employee mailboxes can possibly generate as many as 10,000 emails. After that, an Artis employee would have to perform numerous sub-searches and manually winnow down the number of emails generated. Such sub-searches might result in a net of 3,000 emails. At that point, Artis in connection with its outside counsel, would need to manually review each of these emails in order to determine its responsiveness, relevance and issues of privilege. We estimate this process taking at least four to five person-days of ten hours per day.

11.    Because Artis is located in California, all of Artis' employees and documents are located in California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 18, 2008, at San Francisco, California.

_____
Robert Riemer